UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **OTIS HALL** | **CIVIL ACTION NO. 19-1585** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **KENNETH BAKER, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Plaintiff Otis Hall, proceeding pro se and in forma pauperis, filed the instant proceeding on December 11, 2019, under 42 U.S.C. § 1983. He names Trooper Kenneth Baker[1] and "The Office of the State Troopers" as defendants.[2] For reasons below, the Court should stay Plaintiff's claims against Trooper Kenneth Baker and dismiss Plaintiff's claims against "The Office of the State Troopers."

**Background**

Plaintiff alleges that, on November 14, 2019, Trooper Kenneth Baker stopped him, handcuffed him, and "had a taser pull on [him]. [sic]."[3] [doc. # 1, p. 2]. Plaintiff claims that Baker arrested him for resisting arrest even though he was "about 4 feet" away from Baker and did not commit a crime for which he could lawfully be arrested. [doc. #s 1, p. 2; 9, p. 1]. In addition to resisting arrest, Baker charged Plaintiff with driving with a suspended license, failing

---

[1] Plaintiff, alternatively, refers to Baker as Trooper "Bake."

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

[3] Plaintiff does not allege that Baker deployed or utilized the Taser.

to "change tags," driving with a "faulty turn signal," and driving without a functioning right headlight. [doc. # 9, p. 2]. The charges are pending. *Id.*

Plaintiff claims that, when he informed Baker of his rights, Baker got mad and handcuffed him so tight that the handcuffs "went into his skin[,]" causing soreness in his wrists. [doc. #s 9, p. 1; 1, p. 3]. Baker was allegedly unaware "of any crime before the arrest." [doc. # 9, p. 3].

Plaintiff suffered injuries to his "subjective emotions," including pain, suffering, mental anguish, and loss of enjoyment of life. [doc. # 9, p. 1]. He seeks $2,500,000.00 from Baker, $6,000,000.00 from the "State Trooper Office," and punitive damages. [doc. #s 1, p. 3; 9, p. 1].

## Law and Analysis

### 1. Preliminary Screening

Because Plaintiff is proceeding in forma pauperis, his Complaint is subject to screening under § 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,*

2

550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926

F.2d 480, 483 n.4 (5th Cir. 1991).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. *Heck v. Humphrey* and *Wallace v. Kato***

Plaintiff claims that Trooper Baker falsely arrested him for resisting arrest and utilized excessive force when he handcuffed Plaintiff too tightly.[4] The resisting-arrest charge is pending.

If Plaintiff is convicted of resisting arrest, he may not be entitled to seek relief for these claims until the conviction is reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. See *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a successful civil rights action that would necessarily imply the invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus).

While the rule in *Heck* does not extend to pending criminal matters, successful false-arrest and excessive-force claims, under Plaintiff's allegations, could necessarily imply the invalidity of any future conviction.[5] See *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (finding

---

[4] Plaintiff does not appear to claim that Baker performed an unlawful vehicle stop.

[5] A successful claim will not necessarily imply the invalidity of a conviction "if the factual basis for the conviction is temporally and conceptually distinct from" the claim. *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008).

that the *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges).

Prevailing on the false-arrest claim—and establishing that the officer lacked probable cause to charge Plaintiff with resisting arrest—could necessarily imply the invalidity of a conviction because the claim is essentially a collateral attack on a criminal judgment's validity. *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (citing *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 Fed. App'x. 578, 583 (5th Cir. 2012)); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, i.e., that there was no probable cause to arrest [for the crime he was convicted of], would demonstrate the invalidity of [the conviction].").[6]

Prevailing on the excessive-force claim could, likewise, necessarily imply the invalidity of a conviction. Plaintiff maintains that he did not resist the officer. If, for example, Plaintiff establishes that the officer used excessive force because Plaintiff did not resist, he will have established that his resisting-arrest conviction is invalid.[7] See *Arnold v. Town of Slaughter*, 100 F. App'x 321, 325 (5th Cir. 2004) (finding, where a plaintiff alleged that he did nothing wrong and was viciously attacked for no reason, that the claim was barred because it squarely

---

[6] See also *Queen v. Purser*, 109 Fed. App'x. 659 (5th Cir. 2004) (a former inmate's false-arrest claim necessarily challenged whether the evidence, which an officer seized following an allegedly illegal stop, and which led to his subsequent conviction, supplied probable cause for his arrest; thus, the claim was not cognizable absent a showing that the conviction had been invalidated); *Chande v. Moore*, 606 F. App'x 238, 239 (5th Cir. 2015) ("Because a showing that there was no probable cause for the challenged entry, search, seizure, and arrest would call into question the validity of [plaintiff's] resulting conviction for unlawful possession of a controlled substance with intent to deliver in a drug-free zone," the plaintiff's claims were barred by *Heck*); *Goldston v. City of Monroe ex rel. Monroe Police Dep't*, 621 F. App'x 274 (5th Cir. 2015).

[7] Plaintiff does not distinguish, temporally or conceptually, the resisting-arrest charge from the alleged excessive force.

5

challenged the factual determination that underlay his conviction for resisting an officer); *Ducksworth v. Rook*, 647 F. App'x 383, 386 (5th Cir. 2016) (finding, where the plaintiff was convicted of resisting arrest, disorderly conduct, and assault on a police officer, that the plaintiff's excessive-force claims were barred under *Heck* because "[h]is complaint present[ed] a single narrative of an unprovoked police attack; his 'broad claims of innocence relate[d] to the entire arrest encounter, and not merely a discrete part of it.'" (quoting *Daigre v. City of Waveland, Miss.*, 549 F. App'x 283, 287 (5th Cir. 2013)).

Federal courts may stay civil rights claims that attack the legality of a detainee's arrest, prosecution, and detention until the allegedly improper state prosecution concludes. See *Kato*, 549 U.S. at 393-94 ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim *related to* rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court . . . to stay the civil action until the criminal case . . . is ended.") (emphasis supplied).

Here, Plaintiff's claims are *related to* rulings that will likely be made concerning his pending charge. Accordingly, the Court should stay these claims pending the outcome of the ongoing criminal prosecution.

### 3. "The Office of the State Troopers"

Plaintiff seeks relief from "The Office of the State Troopers." The Division of State Police, a division under the Department of Public Safety and Corrections. See LA. REV. STAT. §§ 40:1301, 40:1371 ("[T]he department of state police has been reduced to division in the department of public safety.").[8]

---

[8] "Act No. 97 of the 1983 Regular Session of the Louisiana Legislature . . . merged the Department of Corrections with the Department of Public Safety . . . ." LA. REV. STAT. § 36:401.

6

Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Here, The Division of State Police or, more precisely, the Department of Public Safety and Corrections, is not a "person" under Section 1983. *Id.* (finding that the Michigan Department of State Police is not a "person" under Section 1983); *Washington v. Louisiana*, 425 F. App'x 330, 333 (5th Cir. 2011) ("The State and [Department of Public Safety and Corrections] are not persons . . . ."). Here, accordingly, the Court should dismiss Plaintiff's claims against the "The Office of the State Troopers."

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Otis Hall's false-arrest claim and excessive-force claim against Trooper Kenneth Baker be **STAYED** under the following conditions:

> a. If Plaintiff intends to proceed with these claims, he must, within thirty (30) days of the date the criminal proceedings against him conclude, file a motion to lift the stay;
>
> b. If the stay is lifted and the Court finds that Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed absent some other bar to suit;
>
> c. Plaintiff should not file any more documents concerning these particular claims (other than an objection to this Report and Recommendation if he so chooses) in this action until the state court proceedings conclude; and
>
> d. Defendant shall not be required to answer these particular claims during the stay, and Plaintiff may not seek a default judgment or conduct any discovery during the stay.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against "The Office of the State Troopers" be **DISMISSED** as frivolous and for failing to state claims on which relief may

be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 30th day of January, 2020.

_____
Karen L. Hayes
United States Magistrate Judge